UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. BRYARS (#124045)

VERSUS                                              CIVIL ACTION

LYNN COOPER, ET AL                                  NUMBER 08-172-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 29, 2008.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. BRYARS (#124045)

VERSUS                                         CIVIL ACTION

LYNN COOPER, ET AL                             NUMBER 08-172-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner David W. Bryars for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to one count sexual battery and one count aggravated oral sexual battery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on October 5, 2000.  Petitioner was sentenced to a term of 10 years imprisonment on the sexual battery charge and to a term of 20 years imprisonment on the aggravated oral sexual battery charge.

The Louisiana First Circuit Court of Appeal affirmed the convictions and sentences.  *State of Louisiana v. David Bryars*, 2001-0646 (La. App. 1st Cir. 12/28/01), 810 So.2d 581 (Table). Petitioner filed a writ of certiorari to the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on February 7, 2003.  *State of Louisiana v. David W. Bryars*, 2002-0392 (La. 2/7/03), 836 So.2d 86.

Petitioner filed a motion to correct illegal sentence in the

1

district court on August 26, 2002.  The district court denied the motion on September 5, 2002.  Petitioner filed a second motion to correct illegal sentence in the district court on December 3, 2002.[1]  The district court denied the motion on December 16, 2002.  Petitioner sought review by the Louisiana First Circuit Court of Appeal on January 2, 2003.  The appellate court denied review on February 23, 2003.  *State of Louisiana ex rel. David W. Bryars v. State of Louisiana*, 2003-0075 (La. App. 1st Cir. 2/24/03).  Petitioner did not seek review by the Louisiana Supreme Court.

Petitioner filed a third motion to correct illegal sentence in the district court on August 19, 2003.  The district court denied the motion on September 3, 2003.  Petitioner sought review by the Louisiana First Circuit Court of Appeal on September 19, 2003.  The appellate court denied review on November 17, 2003.  *State of Louisiana ex rel. David Bryars v. State of Louisiana*, 2003-2190 (La. App. 1st Cir. 11/17/03).  Petitioner sought review by the Louisiana Supreme Court.[2]  The Louisiana Supreme Court denied review.  *State of Louisiana ex rel. David Bryars v. State of Louisiana*, 2004-0252 (La. 1/14/05), 889 So.2d 256.

On November 12, 2003, while the petitioner's third motion to

---

[1] Copies of the petitioner's motions are attached as exhibits to the petitioner's federal habeas corpus application. The district court's ruling denying the motion is stamped on each of the pleadings.

[2] The filing was metered January 16, 2004, and it was received and filed on January 27, 2004.

correct illegal sentence was pending before the Louisiana First Circuit Court of Appeal, the petitioner filed an application for post-conviction relief in the state district court.  The district court denied the petitioner's application on May 20, 2004. Petitioner sought supervisory review from the Louisiana First Circuit Court of Appeal on September 20, 2005.  The appellate court denied review on the showing made.  *State of Louisiana v. David W. Bryars*, 2005-2016 (La. App. 1st Cir. 12/2/05).  Petitioner again sought supervisory review from the Louisiana First Circuit Court of Appeal on December 20, 2005.  The appellate court again denied review.  *State of Louisiana v. David W. Bryars*, 2005-2706 (La. App. 1st Cir. 4/10/06).  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana State Supreme Court denied review. *State ex rel. David Bryars v. State Louisiana,* 2006-1585 (La. 3/23/07), 951 So.2d 1096.

Petitioner filed his federal habeas corpus application on March 28, 2008.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the

3

conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition, an application for state post-conviction relief or other collateral review and the petitioner's timely filing of a petition for review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on May 8, 2003.[3]  From the date the petitioner's conviction became final until August 19, 2003, the date the petitioner filed his third motion to correct

---

[3] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

4

illegal sentence, 102 days of the limitations period elapsed.[4] From September 3, 2003, the date the district court denied the petitioner's motion, until September 19, 2003, the date the petitioner sought review from the Louisiana First Circuit Court of Appeal, the limitations period was tolled.  From November 17, 2003, the date the Louisiana First Circuit Court of Appeal denied review, until January 16, 2004, the date the petitioner apparently sought review from the Louisiana Supreme Court, 29 days of the limitations period elapsed.[5]  The Louisiana Supreme Court denied review on January 14, 2005.

While the petitioner's third motion to correct illegal sentence was pending in the Louisiana First Circuit Court of Appeal, the petitioner filed an application for post-conviction relief on November 12, 2003.  From May 20, 2004, the date the district court denied the petitioner's post-conviction relief application, until September 20, 2005, the date the petitioner sought review by the Louisiana First Circuit Court of Appeal, 457

---

[4] Petitioner's first two motions to correct illegal sentence have no impact on federal tolling because the motions were denied by the appellate court before the petitioner's conviction and sentence became final on direct review.

[5] Between November 17, 2003 and January 16, 2004, 59 days elapsed.  However, because the petitioner had 30 days in which to seek writs to the Louisiana Supreme Court, that 30 day period was not included when calculating the elapsed limitation period.

days of the limitations period elapsed.[6]  Rather than seeking writs from the Louisiana Supreme Court, the petitioner filed a second writ seeking supervisory review from the Louisiana First Circuit Court of Appeal on December 20, 2005.  The appellate court denied review on April 10, 2006.  Petitioner apparently sought review from the Louisiana Supreme Court on or about May 23, 2006.  The Louisiana Supreme Court denied review on March 23, 2007.

From March 23, 2007, the date the Louisiana Supreme Court denied review of the petitioner's post-conviction relief application, until March 26, 2008, the date the petitioner mailed his federal habeas corpus application, 366 days of the limitations period elapsed.

Even assuming that the petitioner's motion to correct illegal sentence constitutes collateral review for purposes of § 2244(d)(2), and that the limitations period was tolled for the entire time the petitioner's third motion to correct illegal sentence and his post-conviction relief application were pending before the state court, i.e., between August 19, 2003 and March 23, 2007, the petitioner's federal habeas corpus application is nonetheless untimely.

From May 8, 2003, the date the petitioner's conviction became

---

[6] Between May 20, 2004 and September 2005, 487 days elapsed. However, because the petitioner had 30 days in which to seek review by the Louisiana First Circuit Court of Appeal, that 30 day period was not included when calculating the elapsed limitation period.

final, until August 19, 2003, the date the petitioner filed his third motion to correct illegal sentence, 102 days of the limitations period elapsed.  Then from March 23, 2007, the date the Louisiana Supreme Court denied review, until March 26, 2008, the date petitioner presumably delivered his § 2254 application to prison officials for filing, more than one year (468 days) passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus application.  Petitioner's federal habeas corpus application was not timely filed.[7]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, July 29, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).